UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BLUELINE RENTAL, LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00195-SNLJ |
| ) | |
| DANA ROWLAND, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff BlueLine Rental LLC.'s motion for leave to file a first amended complaint (#32) and motion for leave to file the first amended complaint under seal (#33). For the reasons stated below, this Court will **GRANT** plaintiff's motion for leave to file the amended complaint but will **DENY** its motion for leave to file that complaint under seal.

### I. BACKGROUND

Plaintiff operates a rental business for heavy industrial and construction equipment. Defendant Dana Rowland is a former manager of plaintiff's branch in Scott City, Missouri. As a branch manager, Rowland was given access to plaintiff's confidential and trade secret information including "pricing policies, sales data, information regarding customers[,] and other market data." Plaintiff alleges Rowland resigned in March of 2018 asserting a need to "help her husband start his new business" when, in reality, Rowland joined competitor Sunbelt Rentals, Inc. After joining Sunbelt, Rowland purportedly began to "raid" plaintiff's Scott City branch by encouraging four

1

employees to join her at Sunbelt "within days of each other" throughout the month of July, 2018. Plaintiff also alleges Rowland solicited its customers.

When Rowland joined plaintiff's business, she signed an employment agreement that included provisions for confidentiality, non-solicitation, and non-competition. Plaintiff's original complaint asserts claims for breach of contract, injunctive relief, and declaratory judgment designed to force Rowland's compliance with the employment agreement's terms.

On May 6, 2019, Rowland produced "hundreds of pages of documents" that "revealed facts supporting various claims against Sunbelt" and "other former BlueLine employees [including] Joseph Kelpe and Aleshia Musgrave" for "breach of contract, breach of fiduciary duty, tortious interference, aiding and abetting, and fraudulent misrepresentation." In addition, plaintiff says these documents support "additional claims against Rowland for breach of fiduciary duty, aiding and abetting, tortious interference, and fraudulent concealment / non-disclosure." Plaintiff's motion seeks leave to file a first amended complaint adding these parties and claims.

Plaintiff filed its proposed first amended compliant under seal, accompanied by a motion for leave to keep the complaint under seal. Plaintiff has done this because "the proposed Amended Complaint includes allegations of facts [and exhibits] gleaned from [the May 6, 2019] documents produced by [Rowland], which [she] designated [as] confidential under the Court's [April 30, 2019] Protective Order." Plaintiff disagrees with Rowland's assessment that the relied-upon documents are, indeed, confidential as

understood by this Court's Protective Order; but, it filed the amended complaint and exhibits under seal "in an abundance of caution."

## II. ANALYSIS

### A. Leave to File an Amended Complaint Under Rule 15(a)(2)

Plaintiff's motion was filed under Federal Rule of Civil Procedure 15(a)(2), which allows a party to amend their complaint "only with the opposing party's consent or the court's leave." FED. R. CIV. P. 15(a)(2) The "court should freely give leave when justice so requires." *Id*. "A Court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Kozlov v. Associated Wholesale Grocers, Inc*., 818 F.3d 380, 394 (8th Cir. 2016).

The Court begins by noting plaintiff's motion to amend—filed on July 8, 2019—was timely under the deadlines of the case management order. (#28, 32). That alone would ordinarily decide the issue. But, timely or not, Rowland argues any amendment would be futile because, just a few days earlier, plaintiff failed to follow another deadline of the case management order; specifically, plaintiff failed to disclose expert testimony and attendant expert reports by the case management order's deadline of July 5, 2019. And without these experts, Rowland explains, plaintiff cannot prove damages or establish crucial facts requiring expert testimony. The Court rejects this argument as it confuses the futility standard applicable to a Rule 15(a)(2) motion. "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion

3

that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Doe v. Dardanelle Sch. Dist.,* 928 F.3d 722, 727 (8th Cir. 2019). Rowland does not explain how Rule 12(b)(6) might be implicated here. And to the extent Rowland focuses instead on the missed discovery deadline, her argument also fails to grapple with the fact that Rule 16(b)(4) allows modification of a scheduling order for good cause shown. *See* FED. R. CIV. P. 16(b)(4). Rowland simply has not demonstrated the futility of plaintiff's proposed pleading amendments.

Rowland also argues plaintiff's motion should be denied because plaintiff may have delayed the scheduling of certain depositions—a tactic Rowland says caused undue delays and was in bad faith. Plaintiff explains in its reply brief that depositions were delayed in anticipation of adding new parties and claims that would change the scope of the case. The Court, again, rejected Rowland's argument. While she is content to label plaintiff's conduct as being in "bad faith" or else resulting in "undue delays," what must be established is the existence of dishonest purpose or prejudice—neither of which Rowland has demonstrated or even seriously attempted to show. *See Long v. Oakley Fertilizer, Inc.*, 994 F.Supp.2d 1057, 1060 (E.D. Mo. 2014) ("delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown"); *Wizards of the Coast, LLC. v. Cryptozoic Entertainment, LLC.*, 309 F.R.D. 645 (W.D. Wa. 2015) (bad faith not supported where there was no evidence of "conscious doing of a wrong" or a "dishonest purpose or moral obliquity" in seeking to amend).

Rowland's remaining arguments are either entirely unsupported or bound to procedural irregularities insufficient to override the liberal mandate of Rule 15(a)(2). For

4

example, Rowland points out that plaintiff did not file a separate memorandum in support of its motion as required by Local Rule 4.01(A). Plaintiff calls this argument a "hyper-technical objection." To the extent plaintiff's response implies the Local Rules can be ignored or have no bite, this Court disagrees and admonishes plaintiff to abide by them moving forward. But, plaintiff is right to suggest its motion should not ordinarily be denied for technical reasons like this, alone, given Rule 15(a)(2)'s liberal amendment mandate.

Having been presented no valid reason why this Court should not grant plaintiff's motion, it will be granted and the first amended complaint (#34) shall be deemed filed as of today's date for purposes of response deadlines.

### B. Whether the First Amended Complaint Should be Filed Under Seal

Plaintiff filed its first amended complaint under seal out of an abundance of caution, concerned that Rowland had previously designated several attached exhibits as "confidential" under the Protective Order entered in this case. It is Rowland, then, who is seeking to keep the first amendment complaint and its attached exhibits under seal.[1]

The Protective Order is primarily aimed at preventing undue public disclosure of "private information, trade secrets or other confidential research, development, or commercial information." (#31, p. 2). Rowland's arguments focus on the seven exhibits that have been attached to the first amended complaint, but not the complaint itself. Only

---

[1] A large portion of the parties' arguments revolve around a potential disclose of confidential records by plaintiff's counsel to Sunbelt's counsel in order to demand settlement. However, whether or not such conduct constituted a violation of the Protective Order, the immediate motion to seal focuses purely on the appropriateness of sealing the amended complaint and its exhibits—not whether the Protective Order was violated for unrelated conduct. Accordingly, these unrelated issues are left for another day.

one of those exhibits is new—every other exhibit had been previously attached to the original, unsealed complaint.[2] The new exhibit is an employment agreement between Joseph Kelpe and plaintiff. (*See* #34-7). Being the only new, not-yet-public document, only the Kelpe employment agreement will be considered under the Protective Order's mandates.

The Court concludes the Kelpe employment agreement should not have been sealed. Foremost, Rowland fails to explain how she has standing to assert confidentiality over an employment agreement not involving her. But, even if she could assert confidentiality, the operative language of Kelpe's employment agreement with plaintiff mostly mirrors Rowland's own employment agreement with plaintiff, which she did not previously attempt to seal. (*Compare* #34-7; *with* #1-1). Rowland does not explain why the Kelpe employment agreement should be treated differently. Of course, Rowland's personal desire to maintain confidentiality, standing alone, is irrelevant as well. There is a "long-standing presumption of public access to litigation in the courts" and private parties' desire to maintain confidentiality does not work to bind the Court. *CAA Sports, LLC. v. Dogra*, 2018 WL 6696622 at *1 (E.D. Mo. Dec. 20, 2018). Sealing documents is

---

[2] Plaintiff seems to indicate *two* new exhibits were attached to the first amended complaint, specifically "an employment agreement [and] a demand letter from ***defendant's*** counsel to Sunbelt's counsel." There is, indeed, a new employment agreement attached between Joseph Kelpe and plaintiff. (*See* #34-7). But, contrary to plaintiff's assertions, the demand letter exhibits are the same. As an initial matter, the Court presumes plaintiff meant to say "a demand letter from [***plaintiff's***] counsel to Sunbelt's counsel," as there is no indication that Rowland seeks to demand against her own employer. Aside from that typo, the two demand letter exhibits are identical as compared between the two complaints. There is a July 9, 2018, demand letter from plaintiff's counsel to Rowland (*Compare* #1-7; *with* #34-5) and there is a July 9, 2018, demand letter from plaintiff's counsel to what purports to be Sunbelt's counsel (*Compare* #1-6; *with* #34-6).

generally appropriate when necessary to protect victim identities, trade secrets, to secure matters of national security, to honor the rules of sovereign nations, and to conceal personal identifying information such as social security numbers or birth dates. *Id*. (compiling cases). An *in camera* review of the at-issue exhibit reveals no such information is implicated. Therefore, the Court will direct that the seal be lifted on the first amended complaint and its attached exhibits.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff BlueLine Rental LLC.'s motion for leave to file a first amended complaint (#32) is **GRANTED**. The first amended complaint (#34) shall be deemed filed on this date for purposes of calculating deadlines for answering the complaint.

**IT IS FURTHERED ORDERED** that plaintiff's motion for leave to file the first amended complaint under seal (#33) is **DENIED**. The Clerk is directed to lift the seal on the first amended complaint (#34) and its exhibits.

So ordered this 14th day of August 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE